SEAN P. FLYNN (SBN: 220184)
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (702) 577-9317
Facsimile: (619) 696-7124
Email:      sflynn@grsm.com

Attorneys for Defendants
CACH, LLC AND RESURGENT CAPITAL SERVICES, L.P.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS CRANDLE and MINDO SILALAHI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC; RESURGENT CAPITAL SERVICES, L.P.; and DOES 1 through 5,<br><br>Defendants. | CASE NO. **'20 CV2269 GPC MSB**<br>[San Diego Superior Court Case No. 37-2020-00037274-CU-MC-CTL)<br><br>**NOTICE OF REMOVAL PURSUANT TO CAFA – 28 U.S.C. § 1332**<br><br>[Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Case Cover Sheet]<br><br>Complaint Filed October 15, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants CACH, LLC AND RESURGENT CAPITAL SERVICES, L.P. (hereinafter referred to as "Defendants") respectfully submit this Notice of Removal in this civil action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446, based on CAFA and Diversity Jurisdiction.

In support of this Notice of Removal, Defendants, through its counsel, state as follows:

## PROCEDURAL BACKGROUND

1. Plaintiffs Darius Crandle and Mindo Silalahi (hereinafter referred to as "Plaintiffs") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of San Diego on October 15, 2020, styled *Darius Crandle and Mino Silalahi, individually and on behalf of all others similarly situated, v. CACH, LLC; Resurgent Capital Services, LP; and DOES 1 through 5,* Case No. 37-2020-00028067-CU-MC-CTL (the "State Court Action"). *See* Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the California Consumer Credit Reporting Agencies Act, California *Civil Code*, § 1785.25(a). *See* Complaint, ¶ 1.

3. The Complaint was served on Defendants on October 22, 2020.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

4. Under 28 U.S.C. §§ 1332(d) & 1441(b), any civil action brought in a state court wherein the plaintiff and defendants are domiciled in different states, may be removed by the Defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5. Plaintiffs allege in paragraphs 10 and 11 of the complaint that they are residents of San Diego and Los Angeles, California.

6. Plaintiffs allege in paragraph 14 of the complaint that CACH, LLC is California corporation domiciled in Pomona, California. CACH, LLC, however, is a Colorado corporation, with its principal business location in Las Vegas, NV. *See*, Colorado Secretary of State Business Search Summary Report, attached hereto as Ex. B.

7. Plaintiffs allege in paragraph 17 of the complaint that Resurgent is a Delaware corporation, with a principal place of business in Greenville, South Carolina.

8. Plaintiffs allege in paragraph 70 of the complaint that each class member is entitled to $5000 in statutory damages.

9. Plaintiff alleges in paragraph 56 of the complaint there are thousands of potential class members.

10. Applying the thousands of potential class members to the statutory damages pled, Defendants easily satisfy the Amount in Controversy requirement pursuant to 28 U.S.C. § 1332(d)(2).

## TIMELINESS OF REMOVAL

11. As noted above, the Complaint was served on Defendants on October 22, 2020.

12. Defendants' Notice of Removal is timely because Defendants filed this Notice "within thirty days after receipt by the Defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

13. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Diego, which is located within the United States District Court for the Southern District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

14. Defendants have complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

15. As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

16. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

17. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of San Diego, in Case No. 37-2020-00028067-CU-MC-CTL.

18. Copies of all process, pleadings and orders served on Defendants are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

**WHEREFORE**, for the foregoing reasons, Defendants remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California and respectfully requests that this Court exercise jurisdiction over this action.

Dated: November 20, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By:  *s/Sean P. Flynn*
Sean P. Flynn  (SBN: 220184)
Attorneys for Defendants
CACH, LLC and RESURGENT CAPITAL SERVICES, L.P.

# EXHIBIT A

1  Scott M. Grace S.B.N. 236621
   Grace Law, APC
2  1958 Sunset Cliffs Boulevard
3  San Diego, CA 92107
   sgrace@gracelawapc.com
4  Phone: (619) 346-4612
5  Fax:  (619) 501-8106

6  SEMNAR & HARTMAN, LLP
7  Babak Semnar (SBN 224890)
   bob@sandiegoconsumerattorneys.com
8  Jared M. Hartman (SBN 254860)
   jared@sandiegoconsumerattorneys.com
9  41707 Winchester Road, Suite 201
   Temecula, CA 92590
10 Telephone: (951) 293-4187
   Fax: (888) 819-8230
11
   Patric A. Lester (SBN 220092)
12 pl@lesterlaw.com
   Consumer Attorney Advocates, Inc.
13 5694 Mission Center Road, #358
   San Diego, CA 92108
14 Phone: (619) 665-3888
   Fax: (314) 241-5777
15

16 Attorneys for Plaintiffs, DARIUS CRANDLE and MINDO SILALAHI

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/15/2020** at 02:09:11 PM
Clerk of the Superior Court
By Candace Schaeffer, Deputy Clerk

17           **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
18                             **COUNTY OF SAN DIEGO**

| | |
|---|---|
| 19  DARIUS CRANDLE and MINDO SILALAHI, individually and on behalf of all others similarly situated, | Case No.: 37-2020-00037274-CU-MC-CTL |
| 22           Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| 23           vs. | |
| 25  CACH, LLC; RESURGENT CAPITAL SERVICES, L.P.; and DOES 1 through 5, | 1. **CALIF. CONSUMER CREDIT REPORTING AGENCIES ACT** |
| 27           Defendants. | |

28 TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE

1
**Complaint for Damages and Injunctive Relief**

CALIFORNIA SUPERIOR COURT JUDGE:

Plaintiffs DARIUS CRANDLE and MINDO SILALAHI, individually and on behalf of all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendants CACH, LLC (hereinafter "CACH") and RESURGENT CAPITAL SERVICES, L.P. (hereinafter "RESURGENT") (collectively "DEFENDANTS") and allege as follows:

## INTRODUCTION

1. The Legislature has determined that accurate credit reporting is vital to the proper functioning of today's consumer-driven economy, and has determined that it is essential for businesses who utilize the credit reporting industry in their business models to implement policies and procedures to ensure credit reporting is done accurately

2. Credit reporting has become a vital and essential tool in our everyday lives, as creditors, potential creditors, landlords, lessors, and employers all use credit reporting as a basis for screening applicants and consumers to determine whether to enter into business relations with the applicant.

3. Plaintiffs bring this action for penalties and other legal and equitable remedies, resulting from the illegal actions of DEFENDANTS in updating credit reports with the false information that the accounts maintain an outstanding balance and are still "in collections" after the accounts are actually closed with a $0.00 balance owed. In so doing, DEFENDANTS has violated the California Consumer Credit Reporting Agencies Act (hereinafter "Calif. CCRAA"), codified at Calif. Civ. Code § 1785.25(a).

4. Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

## JURISDICTION & VENUE

5. This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and injunctive relief sought by Plaintiffs in the class

1  action exceed the minimum jurisdiction limits of the California Superior Court and will
2  be established according to proof at trial.
3      6.   This Court has jurisdiction over this action pursuant to the California
4  Constitution Article VI §10, which grants the California Superior Court original
5  jurisdiction in all causes except those given by statute to other courts. The statutes
6  under which this action are brought do not give jurisdiction to any other court.
7      7.   This Court has jurisdiction over Defendants because Defendants have
8  availed themselves of the California market so as to render the exercise of jurisdiction
9  over it by the California Courts consistent with traditional notions of fair play and
10 substantial justice, and because the actions taken by Defendant that have violated Calif.
11 Civ. Code § 1785.25(a) have occurred within this district.
12     8.   The unlawful acts alleged herein have had a direct effect on Plaintiffs, and
13 the similarly situated class members throughout the State of California.
14     9.   The California Superior Court also has jurisdiction in this matter because
15 the issues herein are based on California statutes and law, and there is no diversity
16 between Plaintiffs or Defendant.

### THE PARTIES

17
18     10.  Plaintiff CRANDLE is a natural individual residing in San Diego.
19     11.  Plaintiff SILALAHI is a natural individual residing in Los Angeles.
20     12.  As this matter pertains to Plaintiffs' credit reports and that Plaintiffs are
21 each a natural person, Plaintiffs are therefore a "consumer" as that term is defined by
22 Calif. Civ. Code § 1785.3(b).
23     13.  This matter pertains to Plaintiffs' "consumer credit reports", as that term is
24 defined by Calif. Civ. Code § 1785.3(c), in that inaccurate misrepresentations of
25 Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written,
26 oral, or other communication of information by a consumer credit reporting agency,
27 which is used or is expected to be used, or collected in whole or in part, for the purpose
28 of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit

3
**Complaint for Damages and Injunctive Relief**

to be used primarily for personal, family, or household purposes, and employment purposes.

14. CACH is a California limited liability company with its principal place of business located in Pomona, CA and its principal purpose is the purchase and collection of consumer debts.

15. CACH attempts to collect the purchased debts by filing suits. It is the plaintiff in more than 500 collection lawsuits, filed in California courts, that were pending in the year before this complaint was filed.

16. CACH is a "person" as defined by Calif. Civ. Code § 1785.3(j).

17. RESURGENT is a limited partnership entity organized under Delaware law, with its principal place of business in Greenville, South Carolina.

18. RESURGENT is a "person" as defined by Calif. Civ. Code § 1785.3(j).

19. All actions taken by CACH are in fact taken by RESURGENT, which is evidenced by the fact that the credit reporting for the accounts subject of this complaint show that the furnishing was done by "CACH LLC/RESURGENT".

20. On information and belief, CACH and RESURGENT are under common ownership and management.

21. On information and belief, RESURGENT directed the acts complained of, even though those acts were done in the name of CACH.

22. On information and belief, CACH acted as the agent at the direction of, and in association with, and on behalf of, RESURGENT.

23. The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as DOES 1 through 5 are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiffs are informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible for the violative conduct alleged in this Complaint, and proximately caused Plaintiffs' damages.

**Complaint for Damages and Injunctive Relief**

## FACTUAL ALLEGATIONS

24. Upon information and belief, DEFENDANTS' primary business model is to purchase from other entities consumer debts that are alleged to still be owed and are alleged to be in default, and then file lawsuits against the consumers in state court collections lawsuits *en masse*.

25. Upon information and belief, DEFENDANTS file hundreds (if not thousands) of consumer debt collection lawsuits in state court actions throughout the State of California each year.

26. DEFENDANTS file these lawsuits in its own name as the party to whom the debt is now alleged to be owed, as DEFENDANTS purchase the debts outright which includes purchasing all rights and liabilities upon the purchased accounts.

27. On or about December 19, 2019, Plaintiff CRANDLE and DEFENDANTS entered into an agreement that called for a mutual release of each other on a debt collection account.

28. There was no condition precedent prior to the agreement for a mutual release.

29. The effect of this mutual release then was, in exchange for Plaintiff CRANDLE releasing DEFENDANTS from any obligations upon the account up to the effective date, DEFENDANTS also agreed to waive and release Plaintiff CRANDLE from any further amounts that DEFENDANTS alleged was owed upon the account and to discharge Plaintiff CRANDLE from any further claim that DEFENDANTS may have had that Plaintiff CRANDLE owed any further monies upon the account.

30. Therefore, as of December 19, 2019 at the latest, Plaintiff CRANDLE had been discharged of any obligation to owe any further sums of money to DEFENDANTS upon the account, and Plaintiff CRANDLE therefore owed $0.00 to DEFENDANTS as of that date.

31. However, in July of 2020, Plaintiff CRANDLE discovered that DEFENDANTS had updated its reporting of the account in July of 2020 with the false

information that the account is still "in collections" and has an outstanding balance of $4,007.00 owed.

32. It is factually false for DEFENDANTS to claim at any point after December 19, 2019 at the latest that the account is still "in collections" and has an outstanding balance owed.

33. Instead, DEFENDANTS should have updated the reporting to show that the account is closed with a $0.00 balance owed.

34. In January of 2019, Plaintiff SILALAHI and DEFENDANTS entered into a written agreement that called for a mutual release of each other on a debt collection account.

35. The mutual release was to become effective after Plaintiff SILALAHI completed a total payment of $900.00 on the account in 5 monthly installments of $180.00.

36. By email June 24, 2019, counsel for DEFENDANTS confirmed in writing that the settlement had been completed.

37. The effect of this mutual release then was, after Plaintiff SILALAHI completed the final payment in June of 2019, DEFENDANTS agreed to waive and release Plaintiff SILALAHI from any further amounts that DEFENDANTS alleged was owed upon the account and to discharge Plaintiff SILALAHI from any further claim that DEFENDANTS may have had that Plaintiff SILALAHI owed any further monies upon the account.

38. Therefore, as of June 24, 2019 at the latest, Plaintiff SILALAHI had been discharged of any obligation to owe any further sums of money to DEFENDANTS upon the account, and Plaintiff SILALAHI therefore owed $0.00 to DEFENDANTS as of that date at the latest.

39. However, in July of 2020, Plaintiff SILALAHI discovered that DEFENDANTS had updated its reporting of the account in July of 2020 with the false information that the account is still "in collections" and has an outstanding balance of

$1,163.00 owed.

40. It is factually false for DEFENDANTS to claim at any point after June 24, 2019 that the account is still "in collections" and has an outstanding balance owed.

41. Instead, DEFENDANTS should have updated the reporting to show that the account is closed with a $0.00 balance owed

42. By submitting updates in July of 2020 against both Plaintiffs CRANDLE and SILALAHI that the accounts are still "in collections" with an outstanding and unpaid balance, DEFENDANTS have furnished false and inaccurate information to the consumer credit reporting agencies that DEFENDANTS know and have reason to know is false and inaccurate.

43. Upon information and belief, DEFENDANTS have undertaken similar conduct against numerous individuals residing within the State of California, and has submitted updates to the consumer credit reporting agencies that the consumers' accounts are still "in collections" with an unpaid balance alleged to be owed, and such updating occurred after the accounts were actually closed with a $0.00 balance owed.

44. Therefore, DEFENDANTS have knowingly and willfully furnished inaccurate credit reporting information that DEFENDANTS knew or should have known was inaccurate with respect to all such consumers residing within the State of California with whom it has settled a debt collection account within the previous seven (7) years.

45. Upon information and belief, DEFENDANTS have agreed to understand, utilize, and follow the policies and procedures implemented by the "big three" credit reporting agencies—Experian, Equifax, and Trans Union—known as Metro 2.

46. Upon information and belief, Metro 2 instructs creditors and debt collectors, such as DEFENDANTS, to update financial accounts when the accounts are no longer owed (whether by way of payment or release) so that the credit reporting can reflect the current balance of the accounts.

47. Further, upon information and belief, Metro 2 instructs creditors and debt

collectors, such as DEFENDANTS, to update financial accounts to explain the status of the account, such as whether the account is closed, has been paid in full, has been paid for less than full value, has been settled, is in collection, or is charged off. If an account has been zeroed out, then the "in collections" remark is to be removed and the account is to be reported as "closed".

48. DEFENDANTS' violations of the above are willful, because DEFENDANTS knowingly and deliberately ignored its own obligations with respect to Plaintiffs, and to each consumer with whom DEFENDANTS settled a debt collection account but continued to update the account as being in collections with a negative balance alleged to be owed.

49. Upon information and belief, DEFENDANTS acted with reckless disregard because it acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because DEFENDANTS agreed to waive/release any claim against Plaintiffs (and each member of the Class) that they owe any further monies to DEFENDANTS upon the accounts at issue.

50. Any third party who reviews the reporting (such as a creditor, potential creditor, potential employer, and potential landlord/lessor) will now have the false impression that Plaintiffs (and each member of the Class) still owes a sum upon the accounts and is still subject to debt collection efforts, whereas, if DEFENDANTS were to update the reporting to accurately reflect that the account has been closed with a $0.00 balance owed, then potential creditors will have a more accurate reflection of Plaintiffs' (and each member of the Class') creditworthiness and credit standing.

51. As such, Plaintiffs and each member of the Class now suffer from being presented in a false light in the eyes of the credit industry, which necessarily depends upon accurate credit reporting in order to operate effectively and efficiently. Plaintiffs bring Count I on behalf of themselves as individuals and also on behalf of all others similarly situated pursuant to Code of Civil Procedure § 382. The members of the Class are defined as follows:

> All residents of the State of California who, within the previous seven (7) years from the date of filing the instant Complaint, have suffered inaccurate reporting by DEFENDANTS whereby DEFENDANTS updated the account to show it as "in collections" with a negative balance alleged to be owed, and such updating occurred on any date after the account was closed with a $0.00 balance owed.

52. Plaintiffs reserve the right under California Rule of Court 3.765(b) and other applicable law to amend or modify the class definition with respect to issues.

53. The term "Class" includes Plaintiffs and all members of the Class.

54. Plaintiffs seek class-wide recovery based on the class allegations only as set forth in this Complaint.

55. There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

## CLASS ACTION ALLEGATIONS

56. <u>Numerosity</u>.  The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believes, and thereon alleges, that there are potentially hundreds, if not thousands of potential class members. Upon information and belief, DEFENDANTS purchase and own hundreds (if not thousands) of accounts alleged to be owed by California residents, and files at least hundreds of debt collection lawsuits each year in the state of California.  As such, DEFENDANTS are in possession of documents that Plaintiffs anticipate will show the true number of Class members, which necessitates discovery to reach such a determination.

57. <u>Commonality</u>.  Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class.  These common questions include, but are not limited to:

   a. Whether DEFENDANTS are each a "person" within the definition of

        Calif. Civ. Code § Calif. Civ. Code § 1785.3(j);

    b. Whether Plaintiffs and members of the class no longer owed any amounts on the accounts when DEFENDANTS furnished updates to the consumer credit reporting agencies that the accounts were still "in collections" with an alleged unpaid balance owed;

    c. Whether DEFENDANTS knew or should have known that the updated information was inaccurate or incomplete within the meaning of Calif. Civ. Code § 1785.25(a) when it updated the accounts as "in collections" with an alleged outstanding balance at a time when the accounts were closed with a $0.00 balance owed;

    d. Whether Plaintiffs and the class members are entitled to damages and the extent of damages and or penalties;

    e. Whether DEFENDANTS' violations were willful within the contemplation of Calif. Civ. Code § 1785.31;

    f. Whether Plaintiffs and members of the Class are entitled to statutory punitive damages, and to what extent, pursuant to Calif. Civ. Code § 1785.31;

    g. Whether DEFENDANTS should be enjoined from engaging in such conduct in the future;

    h. Whether DEFENDANTS should be ordered to update the settled accounts to reflect that the accounts are closed and have a balance of $0.00.

58. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the other members of the Class. On information and belief, Plaintiffs, like other Class members, suffered inaccurate credit reporting by DEFENDANTS updating the account with the consumer credit reporting agencies by falsely claiming that a balance is still owed upon the account and that the account is still in collections, after the account was closed with a $0.00 balance owed.

59. <u>Adequacy</u>. Plaintiffs will adequately and fairly protect the interests of the

1 members of the Class. Plaintiffs have no interests adverse to the interests of absent
2 Class members.  Plaintiffs are represented by attorneys who have class action
3 experience in consumer protection matters.

4     60.   <u>Superiority</u>.  A class action is superior to other available means for the fair
5 and efficient adjudication of the claims of the Class and would be beneficial for the
6 parties and the court. Class action treatment will allow a large number of similarly
7 situated persons to prosecute their common claims in a single forum, simultaneously,
8 efficiently, and without the unnecessary duplication of effort and expense that
9 numerous individual actions would require.  The damages suffered by each Class
10 member are relatively small in the sense pertinent to class action analysis, and the
11 expense and burden of individual litigation would make it extremely difficult or
12 impossible for the individual Class members to seek and obtain individual relief.  A
13 class action will serve an important public interest by permitting such individuals to
14 effectively pursue injunctive remedies and recovery of the sums owed to them.  Further,
15 class litigation prevents the potential for inconsistent or contradictory judgments raised
16 by individual litigation.

**FIRST CAUSE OF ACTION**
**VIOALTIONS OF CALIF. CCRAA**
**Calif. Civ. Code §1785.25(a)**

20     61.   Plaintiffs repeat, re-allege, and incorporate by reference all other
21 paragraphs, as if fully set forth herein.
22     62.   As the furnisher of information to credit reporting agencies,
23 DEFENDANTS are and always were obligated to not furnish information on a specific
24 transaction or experience to any consumer credit reporting agency if they knew or
25 should have known the information was incomplete or inaccurate, as required by Calif.
26 Civ. Code § 1785.25(a) of the California CCRAA.
27     63.   Even if the derogatory reporting is technically accurate, it is still a violation
28 of this law if the derogatory reporting is misleading in such a way and to such an extent

11
**Complaint for Damages and Injunctive Relief**

that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

64. DEFENDANTS committed both negligent and willful violations of its obligations under Section 1785.25(a) of the Calif. CCRAA multiple times by updating the reporting of the account to inaccurately claim that the account is "in collections" with a balance owed.

65. Such false and inaccurate reporting has caused Plaintiffs actual damages as explained in the statement of facts above.

66. A credit reporting violation is "willful" if it involves the commission not only of "acts known to violate the [FCRA]," but also "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56-57 (2007).

67. The Ninth Circuit in *Syed v. M-I, LLC* 2017 U.S. App. LEXIS 1029, FN 6 recently stated, with respect to credit reporting violations, "[W]here a party's action violates an unambiguous statutory requirement, that fact alone may be sufficient to conclude that violation is reckless, and therefore willful. … [R]ecklessness may be determined by objective evidence alone."

68. Plaintiffs are informed and believe that DEFENDANTS' violations were willful in that DEFENDANTS acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because DEFENDANTS knowingly agreed to waive/release any claim against Plaintiff that he owes any further obligations to DEFENDANTS upon the account.

69. Plaintiffs bring Count I on behalf of themselves as individuals and also on behalf of all others similarly situated.

70. Pursuant to Calif. Civ. Code § 1785.31, Plaintiffs and each member of the Class is entitled to $100.00 to $5,000.00 statutory punitive damages for each willful violation; actual damages; and attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray, individually and on behalf of all others similarly

situated, that judgment be entered against DEFENDANTS individually, and Plaintiffs and the Class members be awarded damages as follows:

1. For certification of this action as a class action;
2. For appointment of Plaintiffs as the representative of the Class;
3. For appointment of counsel for Plaintiffs as Class counsel;
4. For actual damages, subject to proof at trial;
5. For general and special damages, subject to proof at trial;
6. For statutory punitive damages of $5,000.00 for each Class member, for each willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
7. Injunctive relief to order DEFENDANTS to not engage in any such violations in the future, pursuant to Calif. Civ. Code § 1785.31(b);
8. Injunctive relief to order DEFENDANTS to remove false information from all consumer credit reports for each member of the Class, pursuant to Calif. Civ. Code § 1785.31(b);
9. Any reasonable attorney's fees and costs to maintain the instant action;
10. For such other relief as the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 10-14-20

SEMNAR & HARTMAN, LLP

*Jared M. Hartman*
JARED M. HARTMAN, ESQ.
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify and declare that I am over the age of 18 years; I am an employee of Gordon & Rees LLP, and my business address is 5 Park Plaza, Suite 1100, Irvine, CA 92614. On **November 20, 2020,** I served a true and correct of the following: **NOTICE OF REMOVAL PURSUANT TO CAFA – 28 U.S.C. § 1332** to the individuals listed below as follows:

**Attorneys for Plaintiffs**:
Scott M. Grace, Esq.
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
(619) 346-4612
sgrace@gracelawapc.com

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☒ Email

Babak Semnar, Esq.
Jared M. Hartman, Esq.
Babak Semnar
41707 Winchester Road, Suite 201
Temecula, CA 92590
(951) 293-4187
bob@sandiegoconsumerattorneys.com
jared@sandiegoconsumerattorneys.com

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☒ Email

Patric A. Lester, Esq.
Consumer Attorney Advocates, Inc.
5694 Mission Center Road, Suite 358
San Diego, CA 92108
(619) 665-3888
pl@lesterlaw.com

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☒ Email

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, and at whose direction the service stated above was made in the ordinary course of business. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 20, 2020, at Chino Hills, California.

_____
Leslie M. Handy

-5-
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1332 (CAFA)